BEILER, Respondent, v. TAYLOR et al., Appellants.

(167 N. W. 725.)

(File No. 4308.   Opinion filed May 18, 1918.)

**Vendor and Purchaser—Specific Performance—Failure to Make Further Payment at Time Specified—Excusable Oversight re Date, Readiness, Willingness, to Pay, Effect.**

Under a realty sale contract making time of essence thereof, where purchaser had paid part of purchase price under provisions to the effect that failure to make any future payments when due should mature all payments and the contract should be forfeitable at vendor's option, **held**, that the fact that, through misapprehension of the date on which a certain payment fell due (vendee having confused date of such payment with a date a month later when possession of the land was to be given him), vendee failed to make such payment on due date, would not defeat his right to specific performance; he having been notified the next day in writing of his default and that contract was cancelled, immediately went to vendors and asked to be relieved of his default, and to be allowed to make payment, and, upon being refused, deposited the money in bank in their name and notified them thereof, he being willing and able to perform according to contract; he having intended at all times to pay balance due per contract, and his excuse for failure to pay on due date being plausible; that vendors' refusal to close the sale was without merit; they being obligated to furnish warranty deed and abstract of title as a condition to such payment and not having done so or offered to do so; it further appearing that prior to said due date one

of vendors, in response to a statement of vendee's son that he did not believe his father understood that payment was due on said date, etc., and that he would telephone his father about the matter, replied that a few days would make no difference; and the message not being sent.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Christian Beiler, against Leonard E. Taylor and another, for specific performance of a realty sale contract. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*N. D. Burch,* and *E. O. Patterson,* for Appellants.

*W. J. Hooper,* for Respondent.

Appellants submitted that: A vendor may be precluded from declaring a forfeiture by his own statements *made to* and *acted upon* by the vendee, citing: Warvelle on Vendors, Vol. 2, 2d Ed. p. 961; but that the statements claimed to have been made in this action were not made to nor acted upon by the vendee.

Respondent cited: Missouri River, Ft. S. & G. R. Co. v. Brickley, 21 Kans., 207; 36 Cyc., page 716; Shipment v. Cummings, 19 N. Y. Supp., 974; Pier v. Lee, 14 S. D., 600.

POLLEY, J. This is an action to enforce specific performance of a contract to convey a tract of land in Gregory county. The contract was entered into on the 23d day of June, 1916. The purchase price of the land was to be $6,000. Of this amount $1,000 was to be, and was, paid when the contract was executed, $2,500 was to be paid on the 1st day of the following November, and the balance was to be paid in three payments—one, two, and three years later. All of the deferred payments were to draw interest from the date of the contract until paid. Upon the payment of the said sum of $2,500 on the 1st day of November, 1916, the grantors were to furnish the grantee an abstract of title and convey the property by warranty deed, and the grantee was given the option to pay all of the balance of the purchase money on that date, or to give the grantors a mortgage to secure the deferred payments. Possession of the land was to be delivered to plaintiff on the 1st day of December, 1916. The contract provided "that the time

and payment shall be an essential part of the contract." The contract contained the further provision that, if the grantee failed to make any of the payments when due, "the whole of said payment and interest shall become immediately due and payable, and this contract shall, at the option of the parties of the first part, be forfeited and determined, * * * and the party of the second part shall forfeit all payments made by them on this contract, * * * and such payments * * * shall be retained by the said parties of the first part in full satisfaction and in liquidation of all damages by them sustained. * * *" The grantee failed to make the payment due on the 1st day of November, 1916, and, on the following day, defendants served written notice upon him that, because of his failure to make such payment, defendants had cancelled the contract and forfeited the $1,000 that had been paid. Plaintiff lived at Battle Creek, Neb., a distance of about 100 miles from the land described in the contract, and upon which land defendants were then living. Upon receipt of the said notice, plaintiff went immediately to defendants, and asked to be relieved of his default, and to be allowed to make said payment as provided for by the contract, and, upon defendants' refusal, plaintiff deposited said money in a bank in defendants' name, and notified them thereof.

Plaintiff's excuse for not having made said payment on the day fixed by the contract was that he forgot about it. He is a Swiss, and unable to read or write the English language, and testified that he remembered that he was to have possession of the premises on the 1st day of December, 1916, and, in some way, gained the impression that that was the date when said payment was to be made.

The trial court made findings of fact and conclusions of law fully sustaining plaintiff's contention, and entered judgment accordingly. From such judgment and an order overruling their motion for a new trial, defendants appeal.

The appeal is utterly without merit. There is no doubt that respondent intended, at all times, to pay the balance due under the contract and complete the purchase. Neither is there any doubt that he was able and willing—even anxious—to complete such purchase. His excuse for not having made the said

payment on the very day it was due is a plausible one. His confusion of the date when he was to have possession of the land does not seem to us to be at all surprising, in view of all the circumstances. Under the terms of the contract, appellants were required to furnish an abstract of title, and to execute a warranty deed conveying the land to respondent on or before the 1st day of November, and this was to be done, or tendered, before they were entitled to the payment that was due on that date. This they do not pretend to have done. Had they made and tendered such deed to respondent and demanded payment, and had respondent refused to make the same, appellants would have had some excuse for declaring a forfeiture.

Another circumstance that shows the bad faith of appellants is the fact that, a few days prior to November 1, 1916, respondent's son had a conversation with one of appellants relative to the contract in question and the date on which said payment was to become due. In the course of said conversation, respondent's son said, in substance, that he did not believe his father understood that said payment was due on the said 1st day of November, or that he was planning to make such payment on that date, but that he (the son) would telephone to his father about the matter, to which said appellant replied that a few days would not make any difference, and the message was not sent. Judging from the conduct of the respondent after he was reminded that he was in default, there is no doubt that, had the telephone message been sent, as suggested by his son, respondent would have made the payment on the date it fell due.

Under all the facts as they appear from the record in this case, appellants have no standing whatever in a court of justice. In fact there is such a total absence of merit in appellant's case that we are satisfied the appeal was taken for the sole purpose of delaying respondent in completing the purchase and acquiring possession of the land.

The judgment and order appealed from are affirmed.